**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv291**

| | |
|---|---|
| **IRWIN INDUSTRIAL TOOL COMPANY,** d/b/a BernzOmatic and **NEWELL OPERATING COMPANY,** | ) ) ) |
| **Plaintiffs,** | ) ) ) ) |
| **vs.** | ) **PROTECTIVE ORDER** ) ) |
| **WORTHINGTON CYLINDERS WISCONSIN, LLC, WORTHINGTON CYLINDER CORPORATION, and WORTHINGTON INDUSTRIES, INC.,** | ) ) ) ) ) |
| **Defendants.** | ) ) ) |

**THIS MATTER** is before the Court on the cross motions of all parties for a Protective Order. [Docs. 51, 54].

The Plaintiffs Irwin Industrial Tool Company, d/b/a BernzOmatic, and Newell Operating Company (collectively "BernzOmatic") and the Defendants Worthington Cylinders Wisconsin, LLC, Worthington Cylinder Corporation, and Worthington Industries, Inc. (collectively "Worthington") have asserted to the Court, separately and collectively, that certain documents or other information or materials in the encaptioned lawsuit, that

have been or will be exchanged in discovery or otherwise, are confidential and/or proprietary or contain confidential and/or proprietary information. The parties agree that these documents, materials, and information are properly usable by the other parties solely in connection with such lawsuit and should otherwise be kept and remain confidential through the course of the litigation and thereafter and not be used for any other purpose. Therefore, pursuant to Fed. R. Civ. P. 26(c), the Court finds that the following protective provisions governing certain documents or other information and materials that are confidential and/or proprietary, or that contain confidential and/or proprietary information as defined below, be, and hereby are, imposed upon all discovery and litigation proceedings described herein, whether such discovery and litigation proceedings be directed at a party to the litigation or at any other person or entity.

## 1.    DEFINITIONS

1.1    When used herein, the word "document" means all written, recorded, or graphic matter whatever, including but not limited to interrogatory answers, responses to requests for admission, documents produced in response to document requests or voluntarily, including writings, drawings, graphs, charts, maps, recordings or other materials

within the contemplation of Fed. R. Civ. P. 34, deposition testimony, deposition transcripts and exhibits, trial exhibits, hearing or trial transcripts, any portion or summary of any of the foregoing, and any other papers that quote from, reflect, reveal or summarize any of the foregoing.

1.2    "Confidential Information" means such information that is used by a party in, or pertaining to, its business dealings which that party would normally not reveal to third parties in the absence of a valid business reason.

1.3    When used herein, "Confidential Material" means any and all documents or things that contain, reflect, or reveal Confidential Information.

1.4    When used herein, "Highly Confidential" means confidential, technical, financial, or business documents or information that the producing party reasonably believes will injure the producing party in its competition with the receiving party if disclosed to the receiving party.

1.5    When used herein, "Highly Confidential Material" means any and all documents or things that contain, reflect, or reveal Highly Confidential Information.

1.6    When used herein, the term "lawsuit" shall include the above-captioned action, and any ancillary proceedings such as those brought in

connection with subpoenas to non-parties, including without limitation, motions to compel or motions for protective orders by or in connection with subpoenas to non-parties.

## 2. USE OF INFORMATION AND MATERIAL

2.1　All Confidential and Highly Confidential Information or Material discovered or produced in this lawsuit shall be used by the receiving party solely for the prosecution and/or defense of the lawsuit and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purpose, including without limitation, any competitive or business purpose.  Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Protective Order, in which case this Protective Order shall not apply to such information or documents.

2.2　Use by the receiving party of any information which the receiving party, its counsel, or independent consultants can show (a) was lawfully known by the receiving party before it was disclosed by the disclosing party, (b) was independently developed by the receiving party, or (c) was received after the time of disclosure hereunder from a third party having the right to make such disclosure shall not be restricted by the

producing party that designated the same information as Confidential or Highly Confidential.

## 3. DESIGNATION OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION OR MATERIAL

3.1 <u>Standard Designation Procedure</u>. Confidential Information and Material disclosed or discovered in this lawsuit may be designated by the disclosing party as such and thus made subject to the limitations of this Protective Order. Except for Confidential Information disclosed during the course of a deposition or hearing in this lawsuit, Confidential Information shall be so designated in writing by the party making the designation prior to or at the time of the party's disclosure of such information. Confidential Material shall be so designated by stamping or otherwise placing on the face of the document(s) the legend "[BERNZOMATIC or WORTHINGTON or THIRD-PARTY] CONFIDENTIAL INFORMATION: SUBJECT TO PROTECTIVE ORDER." All things containing Confidential Information that cannot be conveniently labeled shall be placed in and maintained in an envelope designated "CONFIDENTIAL INFORMATION: SUBJECT TO PROTECTIVE ORDER."

3.2 <u>Highly Confidential Information</u>. A party may further designate certain categories of Confidential Information, specified in Subsection 1.4

above, as Highly Confidential Information. Highly Confidential Material disclosed or discovered in this lawsuit may be designated by the disclosing party as such and thus made subject to the limitations of this Protective Order. Highly Confidential Material shall be so designated by stamping or otherwise placing on the face of the document(s) the legend "[BERNZOMATIC or WORTHINGTON or THIRD-PARTY] HIGHLY CONFIDENTIAL INFORMATION: SUBJECT TO PROTECTIVE ORDER." All things containing Highly Confidential Information that cannot be conveniently labeled shall be placed in and maintained in an envelope designated "HIGHLY CONFIDENTIAL INFORMATION: SUBJECT TO PROTECTIVE ORDER."

      3.3 <u>Copies and Derivative Items</u>. Any copy made of any document or thing so designated, or any document or thing created (e.g., any abstract, summary, memorandum, or exhibit) containing information designated pursuant to this Protective Order shall bear on its face the appropriate legend specified in Subsections 3.1 and 3.2. All things containing Confidential or Highly Confidential Information that cannot be conveniently labeled shall be placed in and maintained in an envelope designated as such.

3.4    Inspections.  If, during the course of discovery in this action, a party hereto, or its representative, is authorized to inspect another party's facilities, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party to be Highly Confidential Information and shall be treated as such.

3.5    Designation of Information Disclosed during Depositions or Hearings.  Confidential or Highly Confidential Information disclosed during the course of a deposition or hearing in this lawsuit shall be so designated by advising other parties and the court reporter at the conclusion of such deposition or hearing that the information disclosed is Confidential or Highly Confidential and that the transcript and/or video (in the case of videotaped depositions), or a portion thereof, should be treated as Confidential or Highly Confidential under this Protective Order and by instructing the court reporter and/or videographer during or at the conclusion of the deposition or hearing to note the appropriate designation on the transcript and/or video.  Further, a party may also designate a transcript and/or video, or portion thereof, as Confidential or Highly Confidential by advising the other parties and the court reporter and/or videographer, in writing, of such designation within 30 days after receipt of

the transcript and/or video and instructing the court reporter and/or videographer to add the appropriate legend to the transcript and/or video. During such 30-day period, all deposition and hearing transcripts and videos shall be treated as Highly Confidential under Section 4 herein.

3.6 <u>Court filings</u>. In the event that counsel for a party determines to file in or submit to the Court any Confidential Information or Highly Confidential Information or Material, such documents shall be submitted only in a sealed envelope, accompanied by: (1) a copy of this Protective Order; and (2) a cover sheet on which a statement substantially in the following form shall be endorsed:

**In the United States District Court**
**for the Western District of North Carolina**
**Case No. 3:08CV291-MR-DCK**
**[CONFIDENTIAL or HIGHLY CONFIDENTIAL]**
**Subject to Protective Order Entered on [DATE OF**
**ENTRY OF THIS ORDER], 2008**

The Clerk of the Court shall maintain such documents that have been designated as Confidential or Highly Confidential separate from the public records in this action. A redacted version of any court filing, deleting all Confidential and Highly Confidential Material, may be filed as part of the public record in this lawsuit.

**4.    TREATMENT OF CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION AND MATERIAL**

4.1    <u>Confidential Information and Material</u>.  The only individuals who shall be permitted to learn of Confidential Information or to view another party's or non-party's Confidential Material produced pursuant to this Protective Order or to learn about their contents or substance, other than the person or entity producing or providing such Confidential Information or Material and the other parties to the lawsuit, are:

(a)    Any trial, appellate, or magistrate judge of any Court presiding over the lawsuit or any proceeding ancillary to the lawsuit, any clerk, secretary, reporter, and other personnel employed by such Court, and any jurors or alternate jurors hearing this case;

(b)    Outside and inside legal counsel for the parties who are participating in the prosecution or defense of the lawsuit, and legal assistants, clerical personnel, secretaries, and other regular or temporary employees or agents working under the direction of such attorneys and to whom it is necessary that Confidential Information or Material be disclosed;

(c)    Stenographic reporters, copying services, and imaging services in the lawsuit;

(d)     Consultants or experts advising the parties' outside legal counsel concerning the lawsuit (and only when essential to the experts' or consultants' activities in connection therewith), including any person designated or to be designated as an expert witness in the lawsuit;

(e)     Mock jurors, focus group members, and the like selected by counsel or trial consultants or jury consultants in preparation for trial proceedings in the lawsuit;

(f)     Employees of each party who have a legitimate need to know or review the Confidential Information or Material in connection with this lawsuit;

(g)     Any former employee of the designating party or any former employee of such party who was involved with the matters the item is directed to at the time of the events to which the item is directed and who have a legitimate need to know or review the Confidential Information or Material in connection with this lawsuit;

(h)     Any individual who is shown on the face of the document to be the author or a recipient of the item prior to its production to the receiving party.

4.2    <u>Highly Confidential Information and Material</u>.    The only individuals who shall be permitted to learn of Highly Confidential Information or to view another party's or non-party's Highly Confidential Material produced pursuant to this Protective Order or to learn about their contents or substance, other than the person or entity producing or providing such Highly Confidential Information or Material, are:

(a)    Persons described in Subsection 4.1(a);

(b)    Outside legal counsel for the parties who are participating in the prosecution or defense of the lawsuit, and legal assistants, clerical personnel, secretaries and other regular or temporary employees or agents working under the direction of such attorneys and to whom it is necessary that Highly Confidential Information or Material be disclosed;

(c)    Persons described in Subsection 4.1(c);

(d)    Persons described in Subsection 4.1(d);

(e)    Persons described in Subsection 4.1(e);

(f)    Any individual who is shown on the face of the document to be the author or a recipient of the item prior to its production to the receiving party.

4.3    Except for the persons authorized by this Section 4, no other employees, agents, or representatives of any party, nor any other persons or entities, shall be permitted access to any Confidential or Highly Confidential Information or Material.

4.4    All persons to whom Confidential or Highly Confidential Information or Material are disclosed or given shall maintain the confidentiality of same, subject to the terms of this Protective Order.

4.5    Except for persons described in subsections 4.1(a), 4.1(b), 4.1(c), 4.1(h), 4.2(a) 4.2(b), 4.2(c), and 4.2(f) above, all persons to whom any Confidential or Highly Confidential Information or Material are disclosed shall, prior to any disclosure to them, execute a "Restricting Agreement" in the form attached hereto as Exhibit A.   Said signed agreement shall be retained by counsel for the receiving party until termination of the lawsuit, or until such copy is reasonably requested by the designating party for use in an investigation of a violation of this Protective Order.  Upon termination of this lawsuit, counsel for each party will provide a copy of each Restricting Agreement in their possession to counsel for the other party.   No documents or things embodying Confidential or Highly

Confidential Information or Material shall be left in the possession of any such person.

4.6     Before any disclosure of Confidential or Highly Confidential Information or Material to any person described in subsections 4.1(e) or 4.2(e), any such person shall execute a "Non-Disclosure Agreement" in the form attached as Exhibit B.  Said signed agreement shall be retained by counsel for the receiving party until termination of the lawsuit, or until such copy is reasonably requested by the designating party for use in an investigation of a violation of this Protective Order.  Upon termination of this lawsuit, counsel for each party will provide a copy of each Non-Disclosure Agreement to counsel for the other party.  No documents or things embodying Confidential or Highly Confidential Information or Material shall be left in the possession of any such person.

4.7     Nothing shall prevent disclosure of an item designated as Confidential or Highly Confidential Information or Material to any entity or person by the party who designated such item as confidential.

4.8     Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information consents in writing

to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

4.9 The receiving party and its counsel shall incur no liability for disclosures made prior to notice of any designation of confidentiality, except for the 30-day period described in Subsection 3.5.

4.10 Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to counsel's client and, in the course thereof, relying generally on counsel's examination of materials designated Confidential or Highly Confidential under this Protective Order; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make a disclosure of any materials or information so designated as Highly Confidential. Counsel may disclose Confidential information or materials only to those client employees identified in section 4.1(f) who have executed a Restricting Agreement as set forth in section 4.5.

4.11 In the event that any person in receipt of Confidential or Highly Confidential Information or Material shall receive a written request, subpoena, or Court Order seeking disclosure of such information, such person shall immediately upon receipt of such request, subpoena, or Court

Order, notify counsel for the designating party of the request, subpoena or Court Order, and shall provide counsel for the designating party with a copy of the same.

## 5. GREATER PROTECTION AND LIMITATION OF ACCESS

5.1    Nothing contained in this Protective Order shall constitute a waiver of any party's right to assert that particular Confidential or Highly Confidential Information or Material is entitled to greater protection and/or limitation of access than afforded by this Protective Order, including an assertion that certain such information or materials should not be produced at all.

5.2    In the event that counsel for any party asserts that Confidential or Highly Confidential Information or Material is entitled to such greater protection and/or limitation of access, counsel shall confer with counsel for all other parties in an effort to resolve the matter.  If resolved by agreement, counsel shall submit a stipulated form of order to the Court reflecting any terms of agreement providing any such greater protection or limitations of access than otherwise provided by this Protective Order.  In the absence of agreement, any party may move the Court for an Order further protecting, limiting or denying access.

**6.    INFORMATION DESIGNATED IMPROPERLY**

6.1    Any party may challenge any designation of confidentiality by giving written notice to the designating party (which notice shall specify with particularity the document or other matter pursuant to which the challenge is made).  Within 10 business days of receipt of such notice, counsel for the party that produced the material must determine whether to withdraw the designation.   If the designation is withdrawn, counsel for the designating party shall give written notice of the change and shall substitute undesignated copies of the items.  If counsel for the designating party does not withdraw the designation, the party making the challenge may file a motion with the Court with respect thereto.  The parties agree that before seeking any relief from the Court they will make a good faith effort to resolve any disputes concerning the appropriate treatment of such materials.  Until this Court enters an order changing the designation, the material shall be treated in accordance with the initial designation.

6.2   No party shall be obligated to challenge the propriety or correctness of the designation of information as Confidential or Highly Confidential Information or Material and a failure to do so shall not preclude a subsequent challenge to such status.  The burden of proof with respect to

the propriety or correctness in the designation of information as Confidential or Highly Confidential shall rest on the designating party, except that the burden of proving the exceptions set forth in Subsection 2.2 shall rest on the party asserting the exceptions.

6.3    A party who inadvertently fails to designate Confidential or Highly Confidential Information or Material at the time of its production shall have 45 calendar days thereafter in which to correct its failure, or for good cause shown after the expiration of the 45 days.  Such correction, and notice thereof, shall be made in writing, accompanied by substitute copies of each affected item, designated as described above.

6.4    If a producing party inadvertently discloses to a receiving party information that is attorney-client privileged, subject to the attorney work-product doctrine, or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity.  In addition, any disclosure of information that is attorney-client privileged, subject to the attorney work-product doctrine, or otherwise immune from discovery shall not act as a

waiver in any other state or federal proceeding.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within 10 business days of the earliest of (i) discovery by the receiving party of its inadvertent production, or (ii) receiving a written request for the return of such item or items of information unless the receiving party has, within that 10-day period, submitted an application to the Court asserting that the information was properly produced and that the assertion of privilege or immunity is not valid.

7.    **MISCELLANEOUS**

7.1    The fact that a document or transcript contains both Confidential or Highly Confidential Information and other non-confidential information does not affect the protected nature of the Confidential or Highly Confidential Information therein, and with regard to the procedures in this Protective Order, the entire document shall be treated as Confidential or Highly Confidential Material, unless only portions thereof are designated, in accordance herewith.  Upon reasonable request of a receiving party, the producing party shall designate those portions of a

document or transcript which contain Confidential or Highly Confidential information.

7.2     This Protective Order does not supersede any existing confidentiality agreement to which a party is bound, which shall continue in full force.  In the event that any agreement with a third party prohibits such production without consent, then the party from whom production is sought shall, in good faith, seek consent from such third party.  If consent is not provided within 10 business days after such request, the party from whom the information is sought shall notify the party requesting the information, who may thereafter apply to the court, by order to show cause with notice to the third party, for an order compelling production of the information.  In the event that any agreement with a third party requires such third party to be given notice and an opportunity to object to such production, then the party from whom the information is sought shall promptly advise such third party of the request and shall produce the information unless the party or the third party applies to the court for a protective order within 10 business days after receiving such notice or such other time as the agreement provides.

7.3    The provisions of Subsection 7.1 requiring entire documents and, during the 30-day period addressed in Subsection 3.5, entire deposition transcripts to be treated as Confidential or Highly Confidential Material even when only portions thereof contain Confidential or Highly Confidential Information are intended to protect and control dissemination of the Confidential or Highly Confidential Information.   Confidential or Highly Confidential portions of any such transcript or document shall be disclosed only to persons entitled to see the same pursuant to this Protective Order.  Portions of any such document or transcript that are not designated as Confidential or Highly Confidential Information may be copied or quoted in connection with the lawsuit (after redaction of any designated Confidential or Highly Confidential Information appearing on the same page) without further action being required under this Protective Order.  The parties should endeavor, however, to avoid over-designating documents or transcripts as Confidential or Highly Confidential Material to the extent possible.

7.4    Any party shall have the right to apply to the Court, after efforts by counsel to resolve the matter, for an Order permitting further disclosure or declassification of Confidential or Highly Confidential Information or

Material hereunder upon a showing that such is necessary to an adequate preparation of the movant's case, is otherwise necessary to protect the interests of such party, that the designation of Confidential or Highly Confidential Information or Material was unnecessary, unjustified, or otherwise inappropriate within the contemplation of this Protective Order, or for any other just cause. The party requesting disclosure or declassification shall adhere to all terms of this Protective Order except to the extent permitted by the Court's ruling on such application.

7.5 Nothing in this Protective Order shall constitute an admission by any party or impose a duty upon any party to produce any documents, information and materials that are not discoverable pursuant to the Federal Rules of Civil Procedure for reasons other than the confidentiality concerns addressed by this Protective Order.

7.6 Upon conclusion of the lawsuit, including all appeals therefrom, all Confidential or Highly Confidential Information or Material produced by a party (including any duplicates thereof) shall, at the option of the producing party be (a) destroyed or (b) returned to counsel for the producing party, provided that, with respect to any Confidential or Highly Confidential Material that constitutes portions of filed pleadings or which are notes,

summaries, extracts, privileged information, or work product prepared by one to whom Confidential or Highly Confidential Material have been disclosed, and which therefore contain Confidential or Highly Confidential, such materials shall be delivered to the counsel for the party on whose behalf such recipient was acting, which counsel shall assure that such material is maintained as confidential in counsel's permanent case files (and not in any other client files) or is destroyed. Such counsel shall verify proper disposition thereof.

7.7 Any non-party from whom discovery is sought in the lawsuit may invoke the protection of this Protective Order to designate documents or other information and materials as Confidential or Highly Confidential Information or Material hereunder. In such event, the non-party agrees to be bound by the terms of this Protective Order, and all parties agree that the non-party's Confidential or Highly Confidential Information and Material shall be treated in a manner consistent with this Protective Order in all respects.

7.8 After the conclusion of this action, including without limitation, any appeal or retrial, this Protective Order shall continue to be binding upon the parties hereto, and all persons to whom designated materials

have been disclosed or communicated. This Court retains jurisdiction over the parties hereto indefinitely with respect to any dispute regarding the improper use of information produced under this Protective Order.

7.9 In the event of a trial or other evidentiary hearing in this case, nothing in this Order shall be construed to prohibit the disclosure of any Confidential or Highly Confidential Information or Material to those present in the courtroom, if such is presented as evidence in open court in the ordinary course and manner of the presentation of such evidence.

**IT IS SO ORDERED.**

Signed: March 6, 2009

Martin Reidinger
United States District Judge

## Exhibit A:  Restricting Agreement

I, _____, hereby acknowledge that I have received a copy of the Protective Order entered in *Irwin Industrial Tool Company, et al. v. Worthington Cylinders Wisconsin, LLC*, Case No. 3:08-cv-00291-MR-DCK, In the United States District Court for the Western District of North Carolina.  I have read that Order, I understand the terms, conditions, and restrictions imposed by that Order on one who is given access to confidential documents and information represented by the parties as confidential pursuant to that Order, and I agree to be bound by all of the terms, conditions, and restrictions imposed by that Order.

I will return all documents, material, and information designated as confidential I receive to counsel who provided them to me.  I acknowledge that the return or subsequent destruction of such documents, material, and information shall not relieve me from any of the obligations imposed on me by that Order.

I further acknowledge that I understand that I may be subject to sanctions imposed by the Court, including an order of contempt, if I fail to abide by and comply with that Order.

Dated: _____          _____
                                     Name

                                     _____
                                     Occupation

                                     Business Address and Telephone:
                                     _____
                                     _____
                                     _____
                                     _____

## **Exhibit B:  Non-Disclosure Agreement**

I, _____ , hereby acknowledge:

1.   I understand that the focus group study in which I have been requested to participate will result in the receipt by me of information considered by third parties to be confidential and proprietary.

2.   In consideration of my selection to participate in the focus group and my receipt of compensation for my participation in that study, I agree to keep all information disclosed to me during the course of such study as confidential, and I will not disclose such information to any other person.

Dated: _____

_____
Name

_____
Occupation

Business Address and Telephone:
_____
_____
_____
_____