# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:08cv291

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY, d/b/a BernzOmatic and NEWELL OPERATING COMPANY, ) ) ) ) Plaintiffs, ) ) ) vs. ) ) ) WORTHINGTON CYLINDERS WISCONSIN, LLC, WORTHINGTON CYLINDER CORPORATION, and WORTHINGTON INDUSTRIES, INC., ) ) ) ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on BernzOmatic's Motion to Modify Protective Order to Permit Fair and Effective Preparation of Witnesses for Trial. [Doc. 220].

The Plaintiffs Irwin Industrial Tool Company, doing business as BernzOmatic, and Newell Operating Company (collectively, "BernzOmatic") move the Court for entry of an Order modifying the Protective Order [Doc. 71] entered by the Court on March 6, 2009, so as to allow BernzOmatic to show its trial witnesses certain documents designated by the Defendants as "Highly

Confidential" sensitive business information. For grounds, BernzOmatic argues that approximately 75% of the nearly 40,000 documents produced by Worthington in this litigation have been designated "Highly Confidential" pursuant to the Protective Order, thereby precluding any BernzOmatic employees from viewing these documents. BernzOmatic argues that at least some of these documents should be re-designated "Confidential," so that party employees may review such documents in preparation for trial. [Doc. 220]. The Defendants Worthington Cylinders Wisconsin, LLC, Worthington Cylinder Corporation, and Worthington Industries, Inc. (collectively, "Worthington") oppose BernzOmatic's motion, arguing that modification of the Protective Order is not warranted. [Doc. 226].

At the pretrial conference, the Court instructed the parties to confer and attempt to resolve this matter without further Court intervention. The parties have been unable to do so, and this matter is now ripe for disposition.

Upon consideration of BernzOmatic's Motion, and for cause shown, the Court finds that a modification of the Protective Order is warranted in this case. Specifically, the Court finds that the extensive use of the "Highly Confidential" designation by both sides has been unwarranted and an abuse of the authority to so designate allowed the parties under the Protective Order.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion [Doc. 220] is **GRANTED** and the Protective Order [Doc. 71] is hereby **MODIFIED** so that all documents designated "Highly Confidential" which also have been marked as deposition exhibits or as exhibits to any brief or motion filed in this case, or identified as trial exhibits, are hereby re-designated "Confidential," such that party employees may view such documents pursuant to Section 4.1(f) of the Protective Order. Any sales, pricing or cost data contained in such documents shall retain their "Highly Confidential" designation and may be redacted, provided that such documents are identified with particularity and the proposed redactions are supplied to opposing counsel with a certification of counsel that the redacted portions constitute such sales, pricing or cost data, the disclosure of which reasonably threatens substantial harm to the business interests of the party seeking such redaction. All such identification and proposed redaction must be served on opposing counsel no later than 8:00 a.m. on February 10, 2010, in order to retain the previous "Highly Confidential" designation as to the proposed redacted portions.

Signed: February 9, 2010

Martin Reidinger
United States District Judge