# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv291

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY, d/b/a BernzOmatic and NEWELL OPERATING COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> WORTHINGTON CYLINDERS WISCONSIN, LLC, WORTHINGTON CYLINDER CORPORATION, and WORTHINGTON INDUSTRIES, INC., <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Stay Pursuant to Fed. R. Civ. P. 62(b) Pending Determination of Post-Trial Motions. [Doc. 295].

The Defendants move for an Order staying the execution of the Judgment in this case, or any proceedings to enforce that Judgment, pending disposition of their post-trial motions. As security to BernzOmatic for such an Order, the Defendants state that they are prepared to post a supersedeas bond in the amount of $14,340,534.00, which represents the

amount of the Judgment rendered in BernzOmatic's favor, plus an estimated award of $1,338,286.47 in prejudgment interest. [Doc. 295]. The Defendants have submitted a proposed form of bond. [Doc. 296-1].

While BernzOmatic does not object to the Judgment being stayed pending the determination of the Defendants' post-trial motions, BernzOmatic requests that the amount of the proposed bond be increased to at least $16,500,000.00 to account for the amount of the Judgment already entered, plus the award of $1,827,820.00 in prejudgment interest, $200,000.00 in costs, and $1,218,427.00 in attorney's fees that has been requested in BernzOmatic's post-trial motions. [Doc. 298].

Rule 62(b) of the Federal Rules of Civil Procedure provides as follows:

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:
>
> (1) under Rule 50, for judgment as a matter of law;
>
> (2) under Rule 52(b), to amend the findings or for additional findings;
>
> (3) under Rule 69, for a new trial or to alter or amend a judgment; or
>
> (4) under Rule 60, for relief from a judgment or order.

Fed. R. Civ. P. 62(b).  The decision to grant a stay is a matter within the sound discretion of the Court.  12 James Wm. Moore et al., Moore's Federal Practice § 62.04 (3d ed. 2010); see also Int'l Wood Processors v. Power Dry, Inc., 102 F.R.D. 212, 215 (D.S.C. 1984) (noting that courts have "flexibility in assessing adequate security").

Having considered the Defendants' motion and the opposition filed thereto by BernzOmatic, the Court concludes in the exercise of its discretion that BernzOmatic's Judgment will be adequately secured during the pendency of the Defendants' post-trial motions upon the posting of a supersedeas bond in the amount of Fourteen Million, Three Hundred and Forty Thousand, Five Hundred and Thirty-Four Dollars ($14,340,534.00), and that the Defendant should not be required to post a bond at this time with regard to that attorneys fees since the Plaintiff has merely moved for such fees but there has been no determination as to the entitlement to such fees.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Stay Pursuant to Fed. R. Civ. P. 62(b) Pending Determination of Post-Trial Motions [Doc. 295] is **GRANTED** on condition that the Defendants post a bond, with joint and several liability, in the amount of

Fourteen Million, Three Hundred and Forty Thousand, Five Hundred and Thirty-Four Dollars ($14,340,534.00) as soon as possible but in no event later than ten (10) days from the entry of this Order. Such bond shall be signed by the surety and its attorney-in-fact and shall include a power of attorney manifesting the authority of such person to act as the attorney-in-fact for the surety.

**IT IS FURTHER ORDERED** that in the event that the Court grants BernzOmatic's post-trial motions for awards of prejudgment interest, attorney's fees, and costs, and the Judgment is subsequently amended to reflect such awards, the Court will consider modifying the amount of the supersedeas bond to reflect such amendment.

**IT IS SO ORDERED.**

Signed: May 31, 2010

Martin Reidinger
United States District Judge