**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv291**

| | |
|---|---|
| **IRWIN INDUSTRIAL TOOL COMPANY,** d/b/a BernzOmatic and **NEWELL OPERATING COMPANY,**  )<br>)<br>)<br>)<br>**Plaintiffs,**  )<br>)<br>)<br>**vs.**  )<br>)<br>)<br>**WORTHINGTON CYLINDERS WISCONSIN, LLC, WORTHINGTON CYLINDER CORPORATION,** and **WORTHINGTON INDUSTRIES, INC.,**  )<br>)<br>)<br>)<br>)<br>)<br>**Defendants.**  )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on BernzOmatic's Amended Bill of Costs [Doc. 329].

## I. PROCEDURAL HISTORY

This is an action for breach of contract and for violations of the Lanham Act, 15 U.S.C. §§ 1051, et seq. and N.C. Gen. Stat. §§ 75-1.1, et seq. ("Chapter 75") brought by the Plaintiff Irwin Industrial Tool Company,

d/b/a BernzOmatic ("BernzOmatic")[1] against the Defendants (collectively "Worthington"). This case proceeded to a trial by jury on February 16, 2010. On February 26, 2010, the jury returned a verdict finding that Worthington had breached the parties' Supply Agreement. BernzOmatic was awarded $1,284,003 for the breach of contract arising from Worthington's unauthorized use of BernzOmatic's trade name, trademarks, and logos and $11,718,242 for other breaches of contract. The jury further found that Worthington had engaged in willful trade dress infringement and false advertising in violation of the Lanham Act and Chapter 75 and awarded BernzOmatic damages in the amount of $1.00 on these claims. [Verdict Sheet, Doc. 293]. The Court entered a Judgment in accordance with the jury's verdict on April 14, 2010. [Judgment, Doc. 294].

On July 23, 2010, BernzOmatic filed its Bill of Costs. [Doc. 327]. Worthington filed a Memorandum in Opposition to the Bill of Costs on August 6, 2010. [Doc. 328]. BernzOmatic filed a Response to Worthington's objections and an Amended Bill of Costs on August 13, 2010. [Docs. 329, 330].

---

[1] The Plaintiff Newell Operating Company was dismissed as a party to this action.

## II. ANALYSIS

BernzOmatic requests an award of costs in the amount of $111,790.21 pursuant to 28 U.S.C. § 1920 and an award of additional costs in the amount of $299,726.53 pursuant to the Lanham Act, 15 U.S.C. § 1117(a). The Court will address each of these statutes in turn.

### A. Costs Recoverable Under § 1920

Rule 54(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Title 28 of the United States Code, Section 1920 provides that the Court may tax as costs any of the following:

>    (1) Fees of the clerk and marshal;
>
>    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3) Fees and disbursements for printing and witnesses;
>
>    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. An "award of costs to the prevailing party is a matter firmly in the discretion of the trial court." Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990).

In awarding costs pursuant to § 1920, the Court is further guided by Local Rule 54.1, which sets forth certain categories of costs that may or may not be awarded to a prevailing party. This Rule states, in pertinent part, as follows:

> (F) Taxable Costs. Items normally taxed include, without limitation:
>
> (1) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition;
>
> (2) premiums on required bonds;
>
> (3) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district;
>
> (4) one copy of the trial transcript for each party represented by separate counsel; and

(5) costs associated with private process servers.

(G) Nontaxable Costs. Items normally not taxed include, without limitation:

(1) multiple copies of depositions;

(2) daily copy of trial transcripts, unless prior Court approval has been obtained;

(3) copies of documents filed electronically; and

(4) attorney fees and attorney travel expenses;

(5) costs of shipping/mailing transcripts;

(6) costs for computer aided legal research including paralegal charges and computerized indices or optical discs produced for the benefit of counsel;

(7) costs associated with mediation;

(8) copy costs for any documents filed or served in electronic format; and

(9) *pro hac vice* fees.

LCvR 54.1.

### 1. Fees for Service of Summons and Subpoena

BernzOmatic first requests $160.00 for fees incurred in the service of summons and subpoenas. [See Doc. 329]. Worthington objects to this request, arguing that fees for the private service of process are not recoverable. [Doc. 328 at 3].

Pursuant to Local Rule 54.1(F)(5), fees for the service of summons and subpoenas, including those served by private process servers, are recoverable. Accordingly, the Court will allow recovery of these costs.

### 2. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case

BernzOmatic initially requested $72,829.34 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. [Doc. 329]. Worthington objected, arguing that this request should be reduced to exclude duplicative videotape and videographer fees not necessary to the trial of the case, as well as non-taxable costs such as Federal Express fees and parking reimbursements. [Doc. 328 at 3].

In response to Worthington's objections, BernzOmatic has withdrawn its request for fees related to court reporter parking costs, shipping costs, expedited transcript costs, and conversion of video to MPEG format, thereby reducing its request to $69,332.74. [Doc. 329]. BernzOmatic continues to maintain, however, that the cost of both stenographic transcripts and videotapes for all of the depositions taken should be recoverable. [Doc. 330 at 4].

Section 1920 provides that the costs of an original deposition taken by the prevailing party are recoverable to the extent that those depositions

were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Under Local Rule 54.1(G)(1), multiple copies of depositions are generally not recoverable as taxable costs.  The Fourth Circuit has held that a party is not entitled to recover the costs of *both* transcribing and a videotaping a deposition unless the party can demonstrate "that both costs were 'necessarily obtained for use in the case.'"  Cherry v. Champion Int'l Corp., 186 F.3d 442, 449 (4th Cir. 1999) (quoting 28 U.S.C. § 1920(2)).  "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial."  Cherry, 186 F.3d at 449.

In the present case, BerznOmatic argues that video depositions of Worthington witnesses were particularly important and necessary because BernzOmatic intended to call several of these witnesses in support of its Lanham Act and Chapter 75 claims, but because all of these witnesses resided outside of North Carolina, BernzOmatic had no guarantee that they would appear at trial.  Additionally, BernzOmatic argues that video deposition testimony was necessary to effectively impeach witnesses called by Worthington, to prepare BernzOmatic's witnesses for their testimony, to evaluate video deposition testimony designated to be

7

presented at trial by Worthington, and to identify counter-designations for such video deposition testimony. [Doc. 330 at 5-6]. While BernzOmatic makes a persuasive argument that the videotaped depositions were helpful to counsel in the preparation and presentation of its case, it has failed to show how *both* a videotape and stenographic transcription were necessary for every deposition taken in this matter. Nor has BernzOmatic shown that its needs could not have been met sufficiently by use of the stenographic transcripts alone. Because BernzOmatic has failed to demonstrate that the recording of depositions by both stenographic transcript and videotape was necessary to the presentation of its case, the Court will allow only recovery for the transcription costs of these depositions. See Cherry, 186 F.3d at 449.

Accordingly, the Court will award BernzOmatic costs for the following printed or electronically recorded transcripts:

| Witness | Amount |
|---|---|
| Jon Schlosser (5/6/09)[2] | $ 320.00 |

---

[2]BernzOmatic's Updated Itemization of Costs indicates that Mr. Schlosser's deposition was recorded only by videotape and not by a court reporter. [Doc. 329-1 at 2]. As such, the Court will award BernzOmatic the costs of videotaping this deposition. Otherwise, the costs awarded reflect the fees pertaining to the cost of stenographic transcription only.

8

| Name | Amount |
|---|---|
| Isaac Read (5/7/09) | 900.65 |
| George Stoe (5/12/09) | 1,376.70 |
| Wayne Powers (5/13/09) | 1,693.00 |
| Dusty McClintock (5/28/09) | 1,677.55 |
| Brian Starrett (6/4/09) | 1,548.43 |
| Robert Heisner Jr. (6/9/09) | 1,428.05 |
| Peter McCurdy (6/11/09) | 3,205.95 |
| Doug Schreffler (6/15/09) | 976.50 |
| Natalie Broadbent (6/17/09) | 1,471.85 |
| Matt Lockard (6/18/09) | 1,615.40 |
| Nick Morrisroe (6/18/09) | 2,657.76 |
| Ken Goodgame (6/19/09) | 1,831.69 |
| John Stipancich (6/24/09) | 1,118.71 |
| Harry Goussetis (6/26/09) | 1,995.60 |
| Dale Brinkman (8/3/09) | 1,154.85 |
| James Stevning (8/6/09) | 1,436.15 |
| Greg Shakley (8/7/09) | 1,475.20 |
| Michael Ridley (8/13/09) | 988.35 |
| Darryl Torres (8/14/09) | 771.85 |

| | |
|---|---|
| David Burnworth (8/18/09) | 767.50 |
| Nicholas Morrisroe (8/19/09) | 2,346.60 |
| William Burke III (8/20/09) | 796.10 |
| John McConnell (9/2/09) | 927.70 |
| Nicholas Mastrone (9/10/09) | 2,146.45 |
| Christopher Renfroe (9/11/09) | 2,432.60 |
| Harry Goussetis (9/16/09) | 1,074.95 |
| Dusty McClintock (9/16/09) | 482.30 |
| James Stevning (9/17/09) | 698.65 |
| Matt Lockard (9/17/09) | 659.80 |
| Sumanth Addanki (9/17/09) | 1,523.95 |
| Thomas Overstreet (10/20/09) | 4,577.65 |
| **TOTAL** | **$48,078.49** |

Accordingly, the Court will award BernzOmatic $48,078.49 in costs related to fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

### 3. Fees for witnesses

BernzOmatic initially requested $1,914.00 in witness fees. [Doc. 327]. Worthington objected to the recovery of fees related to two witnesses

who never testified at deposition or at trial. [Doc. 328 at 12]. In response to Worthington's objection, BernzOmatic has reduced its award by $193.00 to account for these two witnesses. [Doc. 329]. There being no objection to the remainder of the fees requested, Court will allow recovery of costs in the amount of $1,721.00 for witness fees.

### 4. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies Are Necessarily Obtained for Use in the Case

BernzOmatic initially requested $42,127.72 for fees for exemplification and the costs of making copies necessarily obtained for use in the case. [Doc. 327]. Worthington objected, arguing that a significant portion of these fees were not necessarily obtained for use in the case, but rather represent costs incurred simply for the convenience of BernzOmatic's counsel. Additionally, Worthington objected to the recovery of $11,882.99 for consulting services in developing demonstrative exhibits. [Doc. 328 at 14-15]. In response to Worthington's second objection, BernzOmatic has agreed to withdraw its request for costs related to a February 24, 2010 invoice for consulting services and for the delivery charge of the exhibits, thereby reducing its request related to this invoice by $1,551.25 to an amount of $10,131.74. [Doc. 330 at 9].

Copy fees are a taxable cost when they are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In the present case, BernzOmatic has submitted six invoices in support of its request for the recovery of copying costs. [Doc. 327-7]. Of these invoices, only one -- a February 15, 2010 invoice in the amount of $14,977.75 -- clearly identifies that the copies made were of trial exhibits. The Court finds that these copies are sufficiently identified and were reasonably necessary to the preparation of the case. Therefore, the Court will allow recovery of these costs.

As for the remaining invoices related to copies (a February 2, 2010 invoice in the amount of $496.08, a February 15, 2010 invoice in the amount of $235.47, a February 18, 2010 invoice in the amount of $13,878.89, and a February 26, 2010 invoice in the amount of $856.54), BernzOmatic asserts that these copies were necessary for the preparation of witnesses for trial and for the preparation of exhibit notebooks for every witness who would testify at trial. It is unclear from the evidence submitted, however, what exactly was copied and why so many copies (in addition to the copies of the trial exhibits already prepared) were reasonably necessary to BernzOmatic's preparation of the case. While "documents need not be introduced at trial in order for the cost of copying them to be

recoverable," if the "copies are made for the mere convenience of counsel they are not reimbursable." Manildra Milling Corp. v. Ogilvie Mills, Inc., 878 F.Supp. 1417, 1428 (D. Kan. 1995) (citations and internal quotation marks omitted); see also Kennedy v. Joy Techs., Inc., 484 F.Supp.2d 502, 505 (W.D. Va. 2007) ("Copies made for a party's own internal use and convenience are not taxable."). To the extent that these copies appear to have been made for counsel's convenience in preparing their witnesses for trial, these costs are not recoverable.

Finally, BernzOmatic submits an invoice in the amount of $11,882.99 for consulting services in developing five demonstrative exhibits [Plaintiffs' Exhibits 100, 102, 103, 107, and 108] that were admitted at trial. [Doc. 327-7 at 6]. BernzOmatic contends that these exhibits "facilitated the efficient and effective presentation of evidence and necessary information to the Jury and the Court" and allowed BernzOmatic "to present a streamlined case and shortened the trial." [Crowl Decl., Doc. 327-2 at ¶9(d)]. After reviewing the record and these exhibits in particular, however, the Court is not convinced that the expense incurred in creating these five demonstrative exhibits was either necessary or reasonable. Accordingly,

BernzOmatic's request to tax $11,882.99 for the development of these exhibits is disallowed.

### B. Costs Recoverable Under the Lanham Act

BernzOmatic seeks an additional $299,726.53 in costs under the Lanham Act, 15 U.S.C. § 1117(a) for the costs of courtroom technology used at trial, attorney travel, and production of documents in electronic discovery. [Doc. 329].

Under the Lanham Act, a prevailing plaintiff "shall be entitled. . . to recover. . . the costs of the action." 15 U.S.C. § 1117(a). The Lanham Act does not define the term "costs of the action." As the Fourth Circuit has noted, however, this terminology is not unique to the Lanham Act, as identical language appears in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607(d)(2), ERISA, 29 U.S.C. § 1132(g)(2), the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Right to Financial Privacy Act, 12 U.S.C. § 3417, the Expedited Funds Availability Act, 12 U.S.C. § 4010, the Truth in Savings Act, 12 U.S.C. § 4310, and other statutes. See People for Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 371 (4th Cir. 2001) ("PETA"). The Court further noted that in construing such language in other statutes, other courts have construed the term "costs of the action"

to allow only the types of costs permitted by 28 U.S.C. § 1920. See id. (citing Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 411 (7th Cir.1999) (interpreting Fair Labor Standards Act); Agredano v. Mutual of Omaha Cos., 75 F.3d 541, 544 (9th Cir.1996) (construing ERISA)). In light of this authority, the Fourth Circuit in PETA held that a district court does not abuse its discretion by limiting the award of costs to those recoverable under § 1920. See PETA, 263 F.3d at 371 ("The district court was required to award [the plaintiff], as the prevailing party, no more than those costs required by § 1920.").

In the present case, none of the costs that BernzOmatic seeks to recover under the Lanham Act are taxable under § 1920. As such, "[a]ny additional award of costs [is] within [the Court's] sound discretion." Id. In light of BernzOmatic's limited success on its Lanham Act claims, the Court, in the exercise of its discretion, declines to award BernzOmatic an additional $299,726.53 in costs under the Lanham Act.

## III. CONCLUSION

For the foregoing reasons, BernzOmatic's Amended Bill of Costs, which requests a sum of $411,516.74, will be reduced by a total of $346,579.50 to $64,937.24.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Clerk of this Court is instructed to assess costs against the Defendants and in favor of the Plaintiff Irwin Industrial Tool Company, d/b/a BernzOmatic in the amount of Sixty-Four Thousand, Nine Hundred and Thirty-Seven Dollars and Twenty-Four Cents ($64,937.24).

**IT IS SO ORDERED.**

Signed: October 1, 2010

Martin Reidinger
United States District Judge