**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:08cv291**

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY, ) <br> d/b/a BernzOmatic and NEWELL ) <br> OPERATING COMPANY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WORTHINGTON CYLINDERS WISCONSIN, ) <br> LLC, WORTHINGTON CYLINDER ) <br> CORPORATION, and WORTHINGTON ) <br> INDUSTRIES, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | **AMENDED JUDGMENT** |

**THIS MATTER** came to for trial and was heard by the undersigned judge, and a jury was duly empaneled and has answered the issues presented as follows:

1. Did Worthington breach the Supply Agreement?

   ANSWER: YES

2. Did BernzOmatic breach the Supply Agreement?

   ANSWER: NO

3. What amount of damages, if any, is BernzOmatic entitled to recover from Worthington for breach of contract arising from Worthington's use of BernzOmatic's trade name, trademarks, and logos without BernzOmatic's authorization?

ANSWER: $ 1,284,003

4. What amount of damages, if any, is BernzOmatic entitled to recover from Worthington for any other breach of contract?

ANSWER: $ 11,718,242

5. What amount of damages, if any, is Worthington entitled to recover from BernzOmatic for breach of contract?

ANSWER: N/A

6. Did Worthington commit any of the following:

(a) Did Worthington sell a 14-ounce propane cylinder in a manner that infringed upon the trade dress of BernzOmatic?

ANSWER: YES

(b) Did Worthington use advertisements in such a manner as to constitute false advertising?

ANSWER: YES

7. Did the conduct of Worthington that you found occurred in either or both Issue No. 6(a) or Issue No. 6(b):

   (a) occur in or affect commerce?

   ANSWER: YES

   (b) occur in interstate commerce?

   ANSWER: YES

8. Was the conduct of Worthington that you found occurred in either Issue No. 6(a) or Issue No. 6(b) or both a proximate cause of an injury to BernzOmatic?

   ANSWER: YES

9. What amount of damages, if any, is BernzOmatic entitled to recover from Worthington for the conduct that you found occurred in Issue No. 6(a) and/or Issue No. 6(b)?

   ANSWER: $1.00

10. Did Worthington willfully engage in trade dress infringement and/or false advertising?

    ANSWER: YES

Based on the foregoing facts as found by the jury, the Court concludes as a matter of law that the trade dress infringement and false advertising found by the jury in answer to special interrogatories 6(a) and 6(b) constitute unfair and deceptive trade practices and unfair competition within the prohibitions of N.C. Gen. Stat. §75-1.1, et seq.

The Court previously entered an Order granting the Defendants summary judgment with respect to the Plaintiffs' claims for tortious interference with contract and for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, et seq., as related to the allegations of tortious interference and price discrimination in violation of the Robinson-Patman Act, 15 U.S.C. § 13. [Doc. 242]. The Court further granted the Plaintiffs summary judgment with respect to the Defendants' fraudulent inducement counterclaim. [Id.].

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that the jury's award of $1.00 for trade dress infringement and false advertising is hereby trebled in accordance with N.C. Gen. Stat. § 75-16.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff Irwin Industrial Tool Company shall have and recover of the Defendants Worthington Cylinders Wisconsin, LLC and Worthington

Cylinder Corporation the sum of $13,002,248.00, along with prejudgment interest, calculated until April 14, 2010, the date of entry of the original Judgment in this case, in the amount of $1,827,820.00, and costs in the amount of $64,937.24. Postjudgment interest shall accrue on the entire Judgment, including the award of prejudgment interest and costs, at the rate specified under 28 U.S.C. § 1961, from April 14, 2010 until paid in full.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiff Irwin Industrial Tool Company shall have and recover of the Defendants Worthington Cylinders Wisconsin, LLC and Worthington Cylinder Corporation the sum of $904,620.00 in attorneys' fees. Postjudgment interest shall accrue on the award of attorneys' fees at the rate specified under 28 U.S.C. § 1961 from the date of entry of this Amended Judgment until paid in full.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants Worthington Cylinders Wisconsin, LLC and Worthington Cylinder Corporation and their officers, agents, servants, employees, affiliates, successors, and assigns, and any and all persons acting in concert or participation with them who receive actual notice of this Order (collectively "Worthington") are hereby enjoined and restrained as follows:

(1) Worthington shall refrain from infringing BernzOmatic's trade dress and engaging in false advertising, both as found by the jury in this case, in violation of the Lanham Act and N.C. Gen. Stat. § 75-1.1. Specifically, Worthington shall refrain from making, using, inducing someone else to make or use, importing, selling, or offering to sell any blue propane hand torch fuel cylinders that infringe BernzOmatic's protectable trade dress, most notably such cylinders with labels incorporating a black circle similar to BernzOmatic's black "Circle of Trust" logo, and from trading on BernzOmatic's protectable trade dress by advising any customer or potential customer of the similarity between the total image of Worthington's hand torch cylinder product and the total image of any current or former BernzOmatic hand torch cylinder product.

(2) Worthington also shall refrain from advertising or marketing hand torch fuel cylinders by making false statements or claims in any advertising that Worthington has been the "name" that BernzOmatic customers have "trusted all

along"; that Worthington cylinders have "always" been BernzOmatic customers' "first choice"; that Worthington has been "the fuel behind the [BernzOmatic] flame for over 43 years"; and that Worthington is the "true source" for BernzOmatic hand torch fuel cylinders.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims asserted by or against the Plaintiff Newell Operating Company are **DISMISSED WITH PREJUDICE**, and Newell Operating Company shall recover nothing from the Defendants in the form of damages.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all claims asserted by or against the Defendant Worthington Industries, Inc. are **DISMISSED WITH PREJUDICE**, and Worthington Industries, Inc. shall recover nothing from the Plaintiffs in the form of damages.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Defendants' Motion for Summary Judgment [Doc. 148] is **GRANTED IN PART**; the Plaintiffs' claims for tortious interference with contract as set forth in Count VII of the Complaint and for unfair and deceptive trade practices related to the allegations of tortious interference and price discrimination in violation of the Robinson-Patman Act, 15 U.S.C. § 13 as

7

set forth in Count VI of the Complaint are hereby **DISMISSED WITH PREJUDICE**; and the Plaintiffs shall recover nothing from the Defendants in the form of damages on these claims.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion for Summary Judgment [Doc. 150] is **GRANTED IN PART**; the Defendants' counterclaim for fraudulent inducement as set forth in Count I of the Amended Counterclaim is hereby **DISMISSED WITH PREJUDICE**; and the Defendants shall recover nothing from the Plaintiffs in the form of damages on this counterclaim.

**IT IS SO ORDERED.**

Signed: October 1, 2010

Martin Reidinger
United States District Judge